UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

STEVE ALLEN GUTHRIE, JR.,

    Plaintiff,

-vs-

EXPERIAN INFORMATION SOLUTIONS, INC. and THE BANK OF MISSOURI,

    Defendant.

CASE NO. 4:24-cv-64

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, STEVE ALLEN GUTHRIE, JR. (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian") and THE BANK OF MISSOURI (hereinafter "TBOM") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6. Jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Craven County, North Carolina; a substantial portion of the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of North Carolina through its registered agent, C T Corporation System, located at 160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615.

11. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Experian disburses such consumer reports to third parties under contract for monetary compensation.

13. TBOM is an FDIC insured state-chartered bank headquartered at 916 N Kings Highway, Perryville, Missouri 63775 that upon information and belief conducts business in the State of North Carolina.

14. TBOM is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

15. TBOM furnished information about Plaintiff to Experian that was inaccurate.

## FACTUAL ALLEGATIONS

16. Plaintiff is alleged to owe a debt to TBOM, partial account number 431732******, as to a Total Visa credit card (hereinafter "TBOM Account"). Plaintiff does not have an account with TBOM and never applied or gave permission to anyone to apply using his information for the TBOM Account.

17. In or about December 2022, Plaintiff first became aware of the TBOM Account appearing on his credit file.

18. Shortly thereafter, Plaintiff contacted Experian to dispute the inaccurate reporting of the erroneous TBOM Account.

19. Plaintiff did not receive dispute results from Experian. However, the erroneous TBOM Account continued to appear in his Experian credit report.

20. In or about November 2023, Plaintiff reviewed his Experian credit report and became aware of addresses which did not belong to him. Further, Plaintiff observed the erroneous TBOM Account continued to be reported.

21. Shortly thereafter, Plaintiff contacted Experian to dispute the erroneous reporting.

22. Plaintiff did not receive dispute results from Experian. However, the erroneous TBOM Account continued to appear in his Experian credit report.

23. On or about January 16, 2024, Plaintiff reported the TBOM Account to the Consumer Financial Protection Bureau ("CFPB"), File ID 240116-13014234.

24. In the CFPB report, Plaintiff detailed the fact that the TBOM Account was appearing on his Experian credit report and did not belong to him. He requested an investigation into the inaccurate reporting.

25. Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Experian, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

26. Upon information and belief, Experian failed to review the CFPB complaint that Plaintiff filed and continued to inaccurately report the TBOM Account on his credit report.

5

27. On or about January 18, 2024, Plaintiff again reviewed his Experian credit report and observed the TBOM Account was reported with a status of closed and "4 potentially negative months".

28. Shortly thereafter, Plaintiff contacted Experian to dispute the erroneous reporting explaining the TBOM Account did not belong to him.

29. On or about January 24, 2024, Plaintiff received dispute results from Experian which stated the TBOM Account was verified as accurate.

30. Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

31. Experian never attempted to contact Plaintiff during the alleged investigation.

32. Upon information and belief, Experian notified TBOM of Plaintiff's dispute. However, TBOM failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

33. Due to the continued inaccurate reporting, on or about February 12, 2024, Plaintiff mailed a detailed written dispute letter to Experian. In the letter, Plaintiff explained the TBOM Account did not belong to him. In the letter, Plaintiff included an image of his driver's license and Social Security card to confirm his

identity. Plaintiff also included images of the erroneous credit reporting and images of the filed CFPB Complaint, File ID 240116-13014234.

34. Plaintiff mailed his detailed dispute letter to Experian via USPS Certified Mail, tracking number 9590 9402 7970 2305 0232 31.

35. On or about February 22, 2024, Plaintiff received dispute results from Experian as to the TBOM Account which stated, "[TBOM] has certified to Experian that the information is accurate. This item was not changed as a result of our processing of your dispute.".

36. Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

37. Experian never attempted to contact Plaintiff during the alleged investigation.

38. Upon information and belief, Experian notified TBOM of Plaintiff's dispute. However, TBOM failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

39. On or about March 28, 2024, Plaintiff obtained an updated copy of his Experian credit report which continued to report the TBOM Account with a status of closed and written off balance of $431. Moreover, such balance was over the credit limit.

40. Despite Plaintiff's best efforts to have the fraudulent account removed, Experian continues to report the inaccurate and fraudulent TBOM Account on Plaintiff's credit report. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

41. Experian simply continued to parrot off the back of the furnisher and has not conducted an actual investigation despite Plaintiff's pleas.

42. Defendants have never attempted to contact Plaintiff about his disputes and refused to conduct a meaningful and thorough investigation into his disputes as it is required to by law or otherwise make his credit file accurate.

43. Due to the actions and/or inactions of Defendants, Plaintiff was denied credit on at least two (2) occasions.

44. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

   ii. Loss of time attempting to cure the errors;

   iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of

life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

iv. Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score; and

v. Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

45. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

46. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

47. Experian allowed for Furnisher(s) to report inaccurate information on an account. Experian failed to have policies and procedures to avoid misreporting accounts.

48. Upon information and belief, Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

49. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

50. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

51. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, STEVE ALLEN GUTHRIE, JR., respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT II
## Violation of 15 U.S.C. § 1681e(b) as to
## Defendant, Experian Information Solutions, Inc. (Willful)

52. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

53. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

54. Experian allowed for Furnisher(s) to report inaccurate information on an account. Experian failed to have policies and procedures to avoid misreporting accounts.

55. Upon information and belief, Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

56. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

57. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

58. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, STEVE ALLEN GUTHRIE, JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

59. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

60. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed

information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know Is unreliable.

62. Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

62. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

63. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

64. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, STEVE ALLEN GUTHRIE, JR., respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his

attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

65. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

66. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (1) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (2) failing to conduct a lawful reinvestigation; (3) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (4) relying upon verification from a source it has to know Is unreliable.

67. Despite the large amount of information and documentation produced by Plaintiff demonstrating the fraud, Experian refused to conduct any independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

68. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

69. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

70. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, STEVE ALLEN GUTHRIE, JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## COUNT V
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, The Bank of Missouri (Negligent)

71. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

72. TBOM furnished inaccurate account information to Experian, and through Experian to all of Plaintiff's potential lenders.

73. After receiving Plaintiff's disputes, TBOM violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

74. TBOM did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to TBOM by the Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account in fact belonged to her. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff's file was being mixed with another or that Plaintiff was a victim of identity theft.

75. TBOM violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to credit reporting agencies after it had been notified that the information it was furnishing was inaccurate.

76. As a direct result of this conduct, action and/or inaction of TBOM, Plaintiff suffered damages, including without limitation, loss of ability to benefit

from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

77. The conduct, action, and/or inaction of TBOM was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

78. Plaintiff is entitled to recover costs and attorney's fees from TBOM in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, STEVE ALLEN GUTHRIE, JR., respectfully requests that this Court award actual damages against Defendant, THE BANK OF MISSOURI, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

### COUNT VI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, The Bank of Missouri (Willful)

79. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-four (44) above as if fully stated herein.

80. TBOM furnished inaccurate account information to Experian, and through Experian to all of Plaintiff's potential lenders.

17
Case 4:24-cv-00064-D-RN   Document 1   Filed 04/25/24   Page 17 of 20

81. After receiving Plaintiff's disputes, TBOM violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

82. TBOM did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to TBOM by the Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account in fact belonged to her. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff's file was being mixed with another or that Plaintiff was a victim of identity theft.

83. TBOM violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to credit reporting agencies after it had been notified that the information it was furnishing was inaccurate.

84. As a direct result of this conduct, action and/or inaction of TBOM, Plaintiff suffered damages, including without limitation, loss of ability to benefit

18
Case 4:24-cv-00064-D-RN   Document 1   Filed 04/25/24   Page 18 of 20

from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

85. The conduct, action, and/or inaction of TBOM was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

86. Plaintiff is entitled to recover costs and attorney's fees from TBOM in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, STEVE ALLEN GUTHRIE, JR., respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, THE BANK OF MISSOURI, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, STEVE ALLEN GUTHRIE, JR., respectfully requests that this Court award judgment for actual, statutory, compensatory, and

punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. and THE BANK OF MISSOURI, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 25th day of April 2024.

Respectfully Submitted,

*/s/ Karl S. Gwaltney*
Karl S. Gwaltney
N.C. State Bar #: 45118
Maginnis Howard
7706 Six Forks Road, Suite 101
Raleigh, NC 27615
Phone: 919-526-0450
kgwaltney@carolinalaw.com

*Local Civil Rule 83.1(d)*
*Counsel for Plaintiff*

*/s/Octavio Gomez*
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

*Counsel for Plaintiff*